HELENE N. WHITE, Circuit Judge
(concurring in the judgment).
I join in the dissenting opinions’ explications of the Brady standard and their emphasis on the need to keep the standards for showing prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), distinct. I also agree that the evidence of Montgomery’s guilt was not overwhelming, and that the evidence points equally (if not more) to Heard’s being the killer. Nevertheless, I cannot conclude that the Ohio Court of Appeals unreasonably applied clearly established Supreme Court precedent in determining that the improperly withheld evidence was not material within the meaning of Brady.
The Ohio Court of Appeals recited the correct standard for prejudice under Brady. See State v. Montgomery, No. L-98- *690 1026, 1999 WL 55852, at *7 (Ohio Ct.App. Feb. 5,1999). It then stated:
The lower court concluded that this isolated information [in the withheld police report], recorded in the course of an ongoing investigation when all of the facts were still being pieced together and in the face of overwhelming evidence presented at trial that Ogle had been killed on March 8, 1986, did not undermine confidence in the outcome of the trial. We agree and conclude that the trial court did not err in dismissing [this] claim for relief.
Id. at *8.
Normally, one would think that withholding a report describing a sighting of the deceased victim before her body was found but after the defendant allegedly committed the crime would be enough to “undermine confidence in the outcome” of the trial. See Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). But here, where Montgomery led police to Ogle’s body within hours after the alleged sighting described in the police report; where the evidence indicates that Ogle was missing from March 8, 1986, and was likely killed that day; where Montgomery’s own account of events, given to police after Ogle was allegedly sighted and before Montgomery led police to her body, placed the murder weapon back in his possession on the morning of March 8, before the alleged sighting; and where the withheld police report does not suggest a plausible alternative theory of the case, I conclude that the Ohio Court of Appeals reasonably determined that the improperly withheld evidence was not material. Importantly, the withheld evidence was not material to the real issue at trial — whether it was Montgomery or Heard who actually killed Ogle. And, to the extent Montgomery argues that disclosure of the report would have allowed him to investigate and develop another defense, such a defense would be so inconsistent with all the evidence, including Montgomery’s statements, that it is reasonable to conclude that it would have had little chance of affecting the outcome of the trial.
Looking at the totality of the evidence presented to the jury, the Ohio court reasonably concluded that disclosure of the police report would not have created a “reasonable probability of a different result” and did not “undermine confidence in the outcome.” See Kyles, 514 U.S. at 434, 115 S.Ct. 1555 (internal quotation marks omitted). Given the confines of our review under AEDPA, 28 U.S.C. § 2254(d), the state court’s decision must be upheld.